944 P.2d 143

**Jerry Wayne CAMPBELL, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 22528.

Court of Appeals of Idaho.

July 8, 1997.

David Lee Posey, Payette, argued for Plaintiff–Appellant.

Alan G. Lance, Attorney General; Michael A. Henderson (argued), Deputy Attorney General, Boise, for Respondent.

WALTERS, Chief Judge.

Jerry Wayne Campbell is serving concurrent fixed life terms for the 1984 aggravated assault, kidnapping and murder of Mac Atwood. Campbell in this appeal seeks reversal of the district court's order denying his claims for post-conviction relief following an evidentiary hearing. Based upon our review of Campbell's claims and the record presented in support of his claims, we affirm the district court's order.

## FACTS AND PROCEDURE

Campbell's convictions and sentences were upheld previously by this Court in *State v. Campbell*, 114 Idaho 367, 757 P.2d 230 (Ct. App.1988). On December 31, 1992, Campbell filed a *pro se* application for post-conviction relief. Campbell moved the district court to appoint counsel to represent him in the post-conviction proceeding. Counsel for Campbell then sought and obtained leave to file an amended application for post-conviction relief in order to supplement Campbell's claims with issues that had come to light as a result of counsel's investigation.

The district court conducted an evidentiary hearing limited to Campbell's claims that he was entitled to relief on account of ineffective assistance of trial counsel and because of juror misconduct. By order of September 2, 1995, the district court denied Campbell's application for post-conviction relief. It is from this order that Campbell has now appealed.

## ANALYSIS

An application for post-conviction relief is a special proceeding, civil in nature, and is an entirely new proceeding distinct

from the criminal action which led to the conviction. *Peltier v. State*, 119 Idaho 454, 808 P.2d 373 (1991). The rules of civil procedure are applicable in such a proceeding. *Id.*; I.C. § 19–4907. The applicant in a post-conviction case, like a civil plaintiff, has the burden of proving the allegations which entitle him to relief by a preponderance of evidence. I.R.C.P. 57(c); *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969); *Odom v. State*, 121 Idaho 625, 826 P.2d 1337 (Ct.App. 1992). Where there is competent and substantial evidence to support a decision made after an evidentiary hearing on an application for post-conviction relief, the trial court's findings of fact will not be set aside on appeal unless clearly erroneous. *Sanchez v. State*, 127 Idaho 709, 905 P.2d 642 (Ct.App.1995), *citing Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (Ct.App.1983). As to the legal conclusions drawn by the trial court from the facts found, however, we exercise free review. *Id.*

Campbell argues on appeal that the district court erred in denying relief on his claim that he was deprived of the effective assistance of trial counsel. He asserts that counsel was ineffective in failing to call a witness, Tim Derrick, to testify at trial because Derrick's proposed testimony would have not only corroborated Campbell's testimony but also would have contradicted the testimony of the state's witnesses. Campbell asserts that the choice not to have Derrick appear as a defense witness was improperly motivated by counsel's unfounded belief that Derrick feared reprisal from Campbell's alleged accomplice and by counsel's friendship with Derrick's father.

 An applicant asserting a claim of ineffective assistance of counsel in a post-conviction proceeding must establish both deficient performance and resulting prejudice. *Gibson v. State*, 110 Idaho 631, 634–35, 718 P.2d 283, 286–87 (1986), *citing Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show that counsel's performance was deficient, the applicant for post-conviction relief has the burden of showing that his or her attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758,

760 P.2d 1174 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for his or her attorney's deficient performance, the outcome of the proceeding would have been different. *Id.*

 In evaluating an ineffective assistance claim, there is a strong presumption that counsel's performance was within the wide range of reasonable professional assistance as "sound trial strategy." *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). Strategic or tactical decisions made by trial counsel will not be second-guessed on review, unless those decisions were made upon a basis of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation. *Id.* Trial counsel's decision of which witnesses to call is encompassed in that aspect of trial counsel's role denominated "trial tactics" or "strategic choices." *State v. Larkin*, 102 Idaho 231, 234, 628 P.2d 1065, 1068 (1981).

 Campbell's trial counsel testified in the post-conviction proceeding, stating that he did not call Derrick as a witness in the criminal trial because of the many inconsistencies in Derrick's testimony and because, in his judgment, Derrick's testimony would not help Campbell's defense. Counsel denied that his decision to not call Derrick was influenced in any way by his friendship with Derrick's father. Derrick also testified in the post-conviction proceeding, to inform the district court of the testimony that he would have provided at trial, had he been called as a witness.

At the conclusion of the evidentiary hearing, the district court commented that it was unclear whether Derrick was testifying as to his impressions, conclusions and opinions that were drawn from what he had overheard or whether he had actually witnessed the events in the house where the victim, Atwood, was attacked the night of the murder. The district court found Derrick's testimony lacking in consistency or credibility, which substantiated trial counsel's rationale for not having Derrick appear as a defense witness. The district court also found trial counsel's testimony more credible than Derrick's on

the issue of the motivation underlying counsel's strategic choice.

The witnesses' credibility, the weight to be given to their testimony and the inferences to be drawn from the evidence all were matters solely within the province of the trial court. *Larkin v. State*, 115 Idaho 72, 764 P.2d 439 (Ct.App.1988). From our review of the post-conviction proceeding, we conclude that substantial and competent evidence exists to support the district court's findings that Campbell failed to prove that trial counsel's performance or tactical decisions were deficient or resulted in prejudice to Campbell and that Campbell was not entitled to post-conviction relief in this regard.

As a related issue, Campbell argues that it was error for the district court to question Derrick during the evidentiary hearing, thereby acting "as a prosecutor." Campbell's objection, which is being raised for the first time on appeal, is not properly before us and therefore not subject to review. *State v. Lavy*, 121 Idaho 842, 828 P.2d 871 (1992); *State v. Martin*, 119 Idaho 577, 808 P.2d 1322 (1991).

■■■ Next, Campbell contends that he is entitled to post-conviction relief on the grounds of juror misconduct. He asserts, based on information obtained three years after he began serving his sentences, that one of the jurors at his criminal trial had disclosed a bias against him which impaired his right to receive a fair trial. Through the affidavit of the individual to whom the juror's statement was made, Campbell submits that such misconduct by a juror warrants relief from his conviction. He urges this Court to accord the relief which was denied him by the district court.

Where there exists evidence of material facts, not previously presented and heard that requires vacation of the conviction or sentence in the interest of justice, relief from a conviction is available under Section 4901(a)(4) of the Uniform Post–Conviction Procedure Act. Accordingly, the district court considered the affidavit of a witness to whom the juror had allegedly said, "I know he is guilty because he looks guilty." At the post-conviction hearing, the juror did not testify, but the affiant did. The state objected on hearsay grounds, seeking to exclude the admission of the juror's statement for the truth of the matter asserted. Although the affiant was allowed to testify as to what the juror had said to him, the district court limited the testimony, allowing it only to show why and under what circumstances the witness had recounted the juror's statement to Campbell.

The test for determining whether a defendant is entitled to a new trial due to juror misconduct, under I.C. § 19–2406(3), is set forth in *State v. Seiber*, 117 Idaho 637, 791 P.2d 18 (Ct.App.1989).

> First, the defendant must present clear and convincing evidence that juror misconduct has occurred. Second, the trial court must be convinced that the misconduct reasonably could have prejudiced the defendant.

*Id.* at 640, 791 P.2d at 21. The district court, applying this standard, found that Campbell had failed to present credible evidence in support of his allegation of misconduct on the part of any juror. The district court opined that the hearsay statement by the juror was an expression of the juror's personal opinion and was not the equivalent of misconduct.

Campbell does not challenge on appeal the ruling of the district court limiting the admissibility of the hearsay statement. Furthermore, the statement concerning the juror's impression derived from Campbell's appearances reflects directly the juror's thought process. Under I.R.E. 606(b), any statement by a juror, whether made during the course of the jury's deliberations or concerning the juror's mental process, is inadmissible to impeach the jury's verdict. Where a juror has commented adversely on or referred in an uncomplimentary manner to the length of the defendant's hair, for example, and proof of these statements is offered on a motion for new trial, generally, it seems better to draw the line in favor of juror privacy and exclude such evidence. 27 Wright & Gold, Federal Practice and Procedure: Evidence § 6074, n. 112 (1990), *citing* 3 Weinstein & Berger, Weinstein's Evidence, 1987, § 606[04] at 606–42 through 606–43. Nor does it matter that

the statement was reported by a person other than the juror.

> [T]he courts applying Rule 606(b) have ... exclud[ed] all manner of juror statements, whether conveyed directly to the court by the juror or indirectly through a witness who overheard the statement.
>
> . . . . .
>
> The goals of finality and insulating jury value choices from judicial scrutiny are eroded whether the verdict is impeached through statements offered directly by the juror or through a witness who overheard juror statements. Of course, the applicability of the rule also is unaffected by the fact that the nonjuror-witness was an eavesdropper or testifies to disclosures a juror made knowingly. Rule 606(b) does not embody a privilege that may be waived.

27 Wright & Gold, *supra,* pp. 416–18.

After a review of the evidence in support of the allegation of juror misconduct, we conclude as did the district court that Campbell failed to prove by clear and convincing evidence that juror misconduct had occurred.

We affirm the order of the district court denying relief on Campbell's post-conviction relief application.

LANSING and PERRY, JJ., concur.