# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38425

| | | |
|---|---|---|
| TIMOTHY PAUL JOHNSON, | ) | 2012 Unpublished Opinion No. 353 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 3, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment dismissing post-conviction action, <u>affirmed</u>.

Timothy Paul Johnson, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Timothy Paul Johnson appeals from the summary dismissal of his petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

A jury found Johnson guilty of felony driving under the influence, with a persistent violator enhancement, and Johnson was sentenced to a unified term of life imprisonment, with twenty years determinate. The judgment of conviction and sentence were affirmed in an unpublished opinion. *State v. Johnson*, Docket No. 35236 (Ct. App. Oct. 13, 2009). Johnson filed a petition for post-conviction relief, vaguely asserting nearly fifty claims of district court error and ineffective assistance of counsel, such as: "denied a fair trial, erroneous exclusion of all defense witnesses and evidence, including eye witness testimony"; "bias [sic] judge"; "fundamental error, miscarriage of justice"; and "failure to investigate a viable defense." The

1

petition was supported only by a short affidavit in which Johnson primarily asserted legal conclusions, including: "that the petitioner was denied defense counsel, amounting to a constitutional violation of inefective [sic] assistance of defense counsel" and "the Petitioner is innocent of the charges by acting out in 'necessity.'" The district court appointed counsel to assist Johnson with his petition. Johnson then filed an amended petition, supplementing the original petition with several additional claims of ineffective assistance of counsel. No affidavits were provided in support of the amended petition.

The district court entered a lengthy, thorough, and exceptionally detailed order conditionally dismissing all the claims in Johnson's petition and amended petition as conclusory and unsupported. The order also provided alternate rulings, dismissing many of the claims as illogical, disproven by the record, incomplete, waived, barred, or without merit. Johnson filed an objection to summary dismissal, along with an affidavit from Rudi Bangi that, according to Johnson, supported his claim of a necessity defense. While still represented by counsel, Johnson filed two documents pro se: (1) a motion for leave to amend his petition a second time; and (2) a memorandum which the court described as a "rambling seventy-three (73) page, hand-written document that generally restated his earlier *pro se* Petition." In a written order, the district court struck the documents Johnson filed pro se and, after considering the witness affidavit, again provided notice of its intent to dismiss. Neither party responded, and the district court dismissed all claims in both the petition and the amended petition without holding an evidentiary hearing. Johnson appeals.

## II.

## ANALYSIS

Johnson asserts that the district court erred by dismissing his petition and amended petition without an evidentiary hearing. His appellate brief generally restates most of the issues raised in his petitions.

An application for post-conviction relief initiates a civil, rather than criminal, proceeding, which is governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138

Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). An application for post-conviction relief differs from a complaint in an ordinary civil action in that it must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628)). The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Johnson's original petition, which included a list of incomplete and vague issue statements, was dismissed by the district court as unsupported and conclusory. The petition included no account of any facts to support the claims. The affidavit attached to the petition included only irrelevant facts, legal conclusions, and the assertion "that all statements made in

the attached petition are true and correct to the best of my knowledge and belief." Thus, it did not establish a factual basis for any of the grounds for relief raised in the petition.

Johnson argues, however, that the district court erred in striking his pro se memorandum in support of his petition which, Johnson asserts, identified information in the record of the criminal case that supported his claims. At the time Johnson filed the memorandum--approximately six months after filing the petition--he was represented by counsel. Therefore, it was within the discretion of the trial court to require all documents to be filed by Johnson's legal representative. *United States v. George*, 85 F.3d 1433, 1439 (9th Cir. 1996) ("The decision to allow a pro se litigant to proceed with some form of hybrid representation [co-counsel or advisory counsel] is reviewed for abuse of discretion."); *United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987) (finding no error with district court's refusal to acknowledge defendant's pro se filings when defendant was represented); *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981) ("A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel."). Because Johnson provided no evidentiary support for the claims in his amended petition, either in the petition itself or in the affidavit filed with the petition, and because his memorandum opposing summary disposition was properly struck by the district court, the claims in Johnson's original petition were appropriately dismissed.

Johnson's amended petition raised several claims of ineffective assistance of counsel. To prevail on such a claim, the petitioner must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. Tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

4

Johnson appears to assert that trial counsel was ineffective for failing to investigate Johnson's necessity defense but, again, he does not support the claim with evidence. At trial, the State presented evidence that a law enforcement officer initiated a traffic stop after observing Johnson driving on the wrong side of a busy street in Boise. The officer smelled alcohol, noticed Johnson's eyes were glassy and bloodshot, and that he was slurring his speech. The officer testified that in response to questioning, Johnson explained that he was driving on the wrong side of the road because "they moved the road on him." Johnson failed multiple sobriety tests, and a blood test later revealed the presence of alcohol above the legal limit. At trial, Johnson attempted to raise a necessity defense, contending that he drove the vehicle only because his female passenger, who passed away shortly before trial, had a medical emergency and needed to be transported to the hospital. However, the officer testified at trial that Johnson had said that he was giving a friend a ride to a store so he could cash a check and buy alcohol, and that Johnson never mentioned a medical emergency. Additionally, the entire conversation between Johnson and the police was recorded and played before the jury. At no point was Johnson heard to mention a medical emergency.

In his post-conviction action, Johnson asserts that his male passenger, Rudi Bangi, could have verified that there was in fact a medical emergency. Johnson first argues that counsel was deficient in failing to contact Bangi as part of the investigation of Johnson's necessity defense. Evidence of this is absent, however, and the audio recording of Johnson's trial indicates the contrary. On the first day of trial, defense counsel told the court that she had contacted Bangi, but had not yet decided whether to call him as a witness. In an unsworn written objection to summary dismissal, Johnson stated, "Petitioner has testified under oath that his attorney did not contact Rudy Bangi in advance of trial to investigate his necessity defense." However, we are not able to locate any such sworn statement. Johnson did file an affidavit of Rudi Bangi, but it does not indicate whether he was ever contacted by defense counsel. Because Johnson failed to present any facts to support his assertion that counsel did not contact Bangi prior to trial, he did not raise a material issue of fact to be resolved at an evidentiary hearing.

Johnson also asserts that defense counsel's failure to call Bangi as a witness at trial constituted deficient performance. Again, the recording of Johnson's trial illuminates the issue. Defense counsel told the court that when she spoke to Bangi on the telephone he said he did not remember very well the events surrounding Johnson's DUI arrest. Defense counsel also said that

5

in these conversations, Bangi was largely incoherent. She said that Bangi may have some helpful information, but "I don't know how helpful that'll be if the rest of his answers are incoherent on the stand."

We have held that "trial counsel's decision of which witnesses to call is encompassed in that aspect of trial counsel's role denominated 'trial tactics' or 'strategic choices'" that will not be second-guessed by a court. *Campbell v. State*, 130 Idaho 546, 548, 944 P.2d 143, 145 (Ct. App. 1997). Johnson has not demonstrated that defense counsel's decision not to call Bangi was anything other than a valid strategic choice. Instead, Johnson merely asserts that the district court erred by taking judicial notice of the audio recording of the proceedings in which defense counsel indicated that she had contacted Bangi and that he was incoherent. First, we note that this argument is raised for the first time on appeal as Johnson did not object to the district court taking judicial notice. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Additionally, Johnson fails to present any argument or authority to support his assertion. A trial court may take judicial notice of records or transcripts from a separate case, and may do so sua sponte, so long as the court identifies the specific documents or items that are so noticed. Idaho Rule of Evidence 201(c). Here, the district court plainly specified that it was taking judicial notice of comments made by Johnson's defense attorney on the record in his criminal case, and so notified Johnson in the court's initial order of conditional dismissal, thus allowing him an opportunity to respond. Johnson presented no evidence that contradicts the statements his counsel made to the court regarding her contact with Bangi. Although Bangi's affidavit purports to set forth his recollection of events surrounding Johnson's arrest, it does not dispute defense counsel's assertion that when she contacted him he claimed little memory of the events and was largely incoherent. Therefore, Johnson has not demonstrated deficient performance of his counsel.

Johnson has not presented evidence sufficient to raise a genuine factual issue as to whether his defense attorney was ineffective for failing to contact Bangi or for failing to call him at trial. The remaining claims in Johnson's amended petition were unsupported and conclusory, and thus, were properly dismissed by the district court. We decline to further address the

6

remaining issues in Johnson's appellate brief and reply brief because they were not raised below, and have no merit.[1]

## III.

## CONCLUSION

Johnson's petition and amended petition for post-conviction relief were unsupported and conclusory. Accordingly, the district court's judgment of dismissal is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**

---

[1] For example, Johnson asserts that the prosecution failed to prove that Johnson did not act out of necessity, that discovery should have been reopened, and that the district court failed to recognize that Johnson "fired" defense counsel.