**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45047**

| | |
|---|---|
| ARNOLD DEAN ANDERSON, | ) |
| | ) Filed: August 31, 2018 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment denying petition for post-conviction relief, affirmed.

Robyn A. Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent. Kale D. Gans argued.

LORELLO, Judge

Arnold Dean Anderson appeals from a judgment denying his petition for post-conviction relief. Anderson argues that the district court abused its discretion in denying his motion to produce metadata and in denying his petition. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Anderson was convicted of possession of a controlled substance, I.C. § 37-2732(c)(1), based on evidence found during a search of his automobile.[1] This Court affirmed Anderson's judgment of conviction in an unpublished opinion. *State v. Anderson*, Docket No. 41730 (Ct. App. Nov. 17, 2015). While his direct appeal was pending, Anderson filed a petition for

_____

[1] Anderson was also found to be a persistent violator, I.C. § 19-2514.

1

post-conviction relief alleging ineffective assistance of trial counsel and denial of Anderson's right to self-representation. Anderson also filed a motion to appoint post-conviction counsel, which the district court granted. At Anderson's request, post-conviction counsel filed a motion to produce transcripts, audio recordings and metadata, arguing that the production of such items was necessary to support Anderson's post-conviction claims. The district court granted Anderson's motion for the audio recordings and certified transcripts, but denied Anderson's motion for metadata. The district court held an evidentiary hearing on Anderson's post-conviction claims, after which it allowed the parties to submit briefs containing the parties' closing arguments. In his post-hearing briefing, Anderson raised additional ineffective assistance of trial counsel claims, which the district court considered after concluding that the claims were tried by consent due to the State's failure to object to the presentation of evidence on those claims at the evidentiary hearing.[2] The district court denied relief on all of his claims and dismissed Anderson's petition. Anderson appeals.

## II.

## STANDARD OF REVIEW

Whether to authorize discovery in a post-conviction case is a matter directed to the discretion of the court. *Raudebaugh v. State*, 135 Idaho 602, 605, 21 P.3d 924, 927 (2001). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

On review of an order denying post-conviction relief after an evidentiary hearing, the trial court's determination that the petitioner has not met his or her burden of proof is entitled to great weight, and a finding that the petitioner has failed to prove his or her claims will not be set aside unless that finding is clearly erroneous. *Murray v. State*, 156 Idaho 159, 164, 321 P.d 709, 714

---

[2]     The district court also noted that Anderson did not pursue or present evidence on certain claims that were pled in his petition, and the district court dismissed those claims. Those claims are not at issue on appeal.

2

(Ct. App. 2014); *Sanders v. State*, 117 Idaho 939, 940, 792 P.2d 964, 965 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1998).

## III.

## ANALYSIS

### A.    Discovery Request--Motion to Produce Metadata

Anderson asserts that the district court abused its discretion in denying his motion to produce metadata, arguing that the metadata was necessary to protect his substantial rights due to his concerns that the transcripts and audio recordings of certain hearings had been altered. The State argues that Anderson failed to preserve this argument because he conceded to the district court that his request was unsupported by authority. Alternatively, the State argues that, even if the claim of error is preserved, Anderson has failed to identify how the district court abused its discretion and argues that the claim fails on the merits. We affirm the district court's denial of Anderson's request for discovery in the form of metadata because Anderson has failed to identify how the district court abused its discretion in denying his discovery motion.

When a petitioner believes discovery is necessary for acquisition of evidence to support a claim for post-conviction relief, the petitioner must obtain authorization from the district court to conduct discovery. I.C.R. 57(b); *Raudebaugh*, 135 Idaho at 605, 21 P.3d at 927. Discovery in a post-conviction action is not required unless necessary to protect a petitioner's substantial rights. *Murphy v. State*, 143 Idaho 139, 148, 139 P.3d 741, 750 (Ct. App. 2006); *Griffith v. State*, 121 Idaho 371, 375, 825 P.2d 94, 98 (Ct. App. 1992). Discovery may be denied where the petitioner's claims are nothing more than speculation, unsupported by any evidence. *Raudebaugh*, 135 Idaho at 605, 21 P.3d at 927. Indeed, discovery may not be used to engage in fishing expeditions, as post-conviction actions provide a forum for known grievances, not an opportunity to search for them. *Murphy*, 143 Idaho at 148, 139 P.3d at 750.

This post-conviction action arises from Anderson's conviction in Twin Falls County Case No. CR-13-154 (Case 154). However, Anderson's discovery request was for the transcripts, audio recordings, and metadata for all hearings in Case 154, as well as a separate 2013 criminal case in which Anderson was also convicted of possessing methamphetamine--Case

3

No. CR-13-7911 (Case 7911). The district court granted Anderson's request for transcripts and the related audio recordings for both cases. With respect to Anderson's request for the associated metadata, the district court acknowledged Anderson's reliance on Federal Rule of Civil Procedure 34,[3] but indicated it was unsure whether the rule would apply in state court. Nevertheless, the district court advised Anderson he could review the transcripts and audio recordings and that if (after doing so), Anderson believed there was an error, he could advise the district court of the error and the district court would hold a hearing at which Anderson could present evidence in support of the errors identified. At a subsequent status conference, post-conviction counsel explained that Anderson believed the recordings from Case 7911 had been altered. With respect to Case 154, post-conviction counsel advised the district court that there were no grounds to proceed with the request for metadata. The district court also allowed Anderson to speak in support of his request for metadata. Anderson argued that the request for metadata related to Case 7911 was relevant to Case 154 because there was "cross-fertilization" between the two cases in relation to Anderson's request to represent himself. The district court denied Anderson's motion for metadata, concluding Anderson had all transcripts in relation to Case 154, which was sufficient for pursuing his post-conviction claims. The district court advised Anderson that, if he was contending "some shenanigans" occurred in court which were not reflected in the transcripts, he could present evidence of such at the post-conviction evidentiary hearing.

On appeal, Anderson does not provide meaningful legal argument as to how the district court erred in denying his request for metadata. The record reveals that the district court correctly perceived the issue as one of discretion, acted within the applicable legal standards governing discovery requests in post-conviction, and reached its decision by an exercise of reason. Although Anderson recognizes the district court's decision was discretionary, he does not identify which prong of the three-part abuse of discretion framework the district court failed to satisfy as required under *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017). At best, Anderson suggests that the district court could have ordered the metadata

<hr>

[3] Federal Rule of Civil Procedure 34, in relevant part, addresses the production of electronically stored information. Fed. R. Civ. P. 34(b)(2)(E). The rule does not, however, use the term "metadata."

pursuant to I.R.C.P. 34, which is patterned after Fed. R. Civ. P. 34, but Anderson does not apply the requirements of the rule to his request. Instead, Anderson argues, in conclusory fashion, that the district court erred in denying his motion because the metadata was necessary to protect his substantial rights since Anderson was concerned that the transcripts and audio recordings had been altered. However, there was no basis for the district court to grant the motion based on the information provided or the legal arguments presented to it. Because Anderson's conclusory and speculative argument is inadequate to show an abuse of discretion, we affirm the district court's denial of Anderson's request for metadata. *See Hull v. Giesler*, 163 Idaho 247, 250-51, 409 P.3d 827, 830-31 (2018) (affirming district court's evidentiary ruling because the appellant "only presented a conclusory challenge to the district court's decision").

**B.      Ineffective Assistance of Counsel**

Anderson argues that he proved by a preponderance of the evidence that he received ineffective assistance of trial counsel and, as such, the district court erred in denying relief on his ineffective assistance of trial counsel claims. Specifically, Anderson contends the evidence established that trial counsel was ineffective in: (1) the presentation of evidence; (2) failing to provide Anderson with copies of all discovery; (3) failing to obtain fingerprint testing of the methamphetamine container and independent testing of the methamphetamine; and (4) failing to review the presentence investigation report with him. We affirm the district court's conclusion that Anderson was not entitled to relief on these claims.

To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. Under the *Strickland* standard, there is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable

professional judgment. *Murray*, 156 Idaho at 164, 321 P.3d at 714. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). In short, trial counsel will not be second-guessed in the particularities of trial preparation. *Gee v. State*, 117 Idaho 107, 111, 785 P.2d 671, 675 (Ct. App. 1990). "[T]he *Strickland* standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 46 U.S. at 689-90).

### 1. Failure to present evidence

Anderson's claims that trial counsel was ineffective in the presentation of evidence centered on trial counsel's failure to call two witnesses and trial counsel's failure to present evidence that the passenger who was in the car when Anderson was arrested was unsupervised and therefore could have left the methamphetamine in the car. The two witnesses were Anderson's daughter and the passenger. In his post-hearing closing argument, Anderson argued his daughter could have testified that, although Anderson's name was on the registration in order to facilitate a title loan for his daughter, she was the owner of the car and that Anderson only drove the car when he was working on it. Anderson's daughter would have also testified that the passenger had prior access to the car. Anderson argued the passenger should have been called as a witness to testify that he found the container of methamphetamine at a construction site and gave it to Anderson. According to Anderson, testimony from his daughter and the passenger, in conjunction with evidence that the passenger was unsupervised while in the car, would have created reasonable doubt as to who the methamphetamine belonged to.

The district court found that Anderson's daughter was not called as a witness because Anderson told trial counsel he did not want to "point the finger" at his daughter. Regarding Anderson's claim that his daughter could have testified that she owned the vehicle, the district court found that the record was clear that Anderson was a co-owner; the reason for his co-ownership (the title loan) was "very minimally relevant, if at all;" and the nature of Anderson's ownership would not have changed the outcome. The district court further found that, even if the decision not to call Anderson's daughter was trial counsel's decision alone, the decision was a strategic

6

one and there was no evidence that the decision was based on lack of preparation, ignorance of the law, or any other objective shortcoming. The district court similarly found that trial counsel's decision not to call the passenger as a witness was a strategic one. Trial counsel testified that he met with the passenger who explained that he gave the methamphetamine to Anderson. When trial counsel informed Anderson about what the passenger told him, Anderson responded, "Well, yeah." Based on this, trial counsel concluded that the passenger's testimony would harm Anderson's case.

Anderson argues that the district court's factual findings related to trial counsel's decision not to call Anderson's daughter as a witness are clearly erroneous because the district court "failed to recognize that trial counsel misconstrued the relevance of [the daughter's] testimony." Anderson contends the relevance was not to show that the methamphetamine belonged to his daughter, but to establish that she was the "primary owner" of the vehicle and that the methamphetamine could have belonged to the passenger based on the passenger's access to the vehicle. Anderson's argument does not demonstrate clear error by the district court. The district court specifically addressed the relevance of the daughter's testimony that she owned the vehicle and trial counsel's reasons for not calling the daughter as a witness. The district court correctly concluded that the decision was trial strategy which is not subject to second-guessing in post-conviction. *See Campbell v. State*, 130 Idaho 546, 548, 944 P.2d 143, 145 (Ct. App. 1997) (recognizing trial counsel's decisions regarding which witnesses to call is encompassed in that aspect of trial counsel's role denominated trial tactics or strategic choices).

Anderson does not identify any error by the district court in its conclusion that trial counsel made a strategic decision to not call the passenger as a witness based on trial counsel's assessment that the testimony could harm Anderson's case. Instead, Anderson argues that "trial counsel's failure to conduct a meaningful investigation caused him to misconstrue the relevance of [the passenger's] potential testimony." Anderson asserts the relevance was not the passenger's knowledge of the methamphetamine, but the passenger's access to the car. Anderson's argument regarding the import of the passenger's testimony is not preserved. Anderson's argument to the district court was the passenger's testimony that he found the container of methamphetamine and gave it to Anderson would have established the container belonged to the passenger. Anderson's argument was not that trial counsel was deficient for

7

failing to conduct a meaningful investigation or for misconstruing the relevance of the passenger's testimony. Because Anderson has identified no error in the district court's resolution of the claim Anderson raised in relation to trial counsel's decision not to call the passenger as a witness, we affirm the district court's dismissal of this claim.

Anderson's final argument in relation to the presentation of evidence is based on trial counsel's failure to present evidence the passenger was not supervised during the entirety of the traffic stop. Anderson argued in his post-hearing briefing that there was evidence that (at the time of Anderson's arrest) there was at least a short period of time in which the passenger was unsupervised in the car. Anderson contended that the passenger could have "quickly placed his drugs on [Anderson's] side of the vehicle" during this time. The district court made the following factual findings regarding the passenger's presence in the vehicle at the time of Anderson's arrest: (1) Anderson testified that the passenger was alone in the car for five to ten minutes; (2) the officer who initiated the traffic stop and arrested Anderson could see the passenger when Anderson was removed from the car; (3) Anderson testified that, due to the tinted windows, he could not see the passenger once he was outside the car; (4) a second officer who arrived at the scene before Anderson was removed from the car was responsible for watching the passenger inside the car; and (5) the second officer testified that he had a clear view of the passenger during the traffic stop. The district court accepted the second officer's testimony and expressly rejected Anderson's testimony. In its conclusions of law, the district court did not separately address Anderson's claim that trial counsel should have presented evidence the passenger was unsupervised for a period of time. Presumably, this was because the district court had already specifically accepted the officer's testimony that the passenger was supervised. The district court did, however, address Anderson's "general lack of preparation" claim, which was partly predicated on the extent to which the passenger was supervised while in the car, and rejected it. The district court found that trial counsel filed a motion to suppress, had his investigator attempt to contact the passenger prior to trial, and had a good understanding of the case.

On appeal, Anderson asserts that "the question for the district court was not whether [the passenger] was constantly supervised but, rather, whether trial counsel was ineffective for failing to present available evidence that established [the passenger] had the opportunity to leave the

8

container in the car." Anderson then concludes that, had trial counsel "admitted available evidence that [the passenger] was not constantly supervised, there is a reasonable probability" of a different outcome. Contrary to Anderson's argument, but consistent with his conclusion, the question presented to the district court was based on whether Anderson was constantly supervised. Having found Anderson was constantly supervised, the district court necessarily found trial counsel was not ineffective in failing to present evidence of the opposite. Anderson has failed to identify any error in the district court's factual findings or its legal conclusion Anderson failed to meet his burden of showing trial counsel was ineffective in the presentation of evidence.

### 2. Failure to provide complete discovery

Anderson contends that the district court erred in denying his claim that trial counsel was ineffective for failing to provide Anderson with complete discovery. In his post-hearing briefing, Anderson argued that he made several requests for discovery to which trial counsel did not respond. Anderson did not, however, identify any specific items he did not receive or explain how the failure to provide discovery prejudiced him. In addressing this claim, the district court found that trial counsel "did share discovery with Anderson sufficiently to apprise him of the state's claims against him, and of what witnesses should potentially be called to rebut the same." The district court also specifically accepted trial counsel's testimony that he customarily shared audio recordings with his clients either by playing the recordings for his clients or by providing copies and that Anderson had access to discovery in this manner. The district court further found that Anderson was apprised of certain discovery as a result of his presence at the suppression hearing. With respect to prejudice, the district court found Anderson failed to establish prejudice because he did not identify any item of discovery that he allegedly did not receive that would have made a difference in terms of his input or the outcome of the proceedings.

On appeal, Anderson challenges the district court's finding that trial counsel shared discovery with Anderson. Anderson appears to contend that the finding was erroneous because it was based on trial counsel's general practice and not on his specific recollection of Anderson's case. Anderson cites no authority for the proposition that a district court may not rely on trial counsel's general practice to support a finding that trial counsel acted consistently with that

9

practice in a particular case or that a court must conclude that trial counsel did not act consistently with his or her practice absent a specific recollection of doing so. There is no basis for concluding the district court's finding regarding trial counsel's performance in relation to discovery was clearly erroneous.

Anderson also challenges the district court's finding regarding prejudice, citing his own testimony from the evidentiary hearing that, had he "listened to two audios," he "would have seen how [sic] everybody that was there" and would have known his "daughter had picked up the car at that time." Based on this testimony, Anderson argues on appeal that he could have identified "other witnesses on the scene who could have potentially provided testimony at trial." We first note that, in his post-hearing briefing, Anderson did not identify these "two audios" as items he did not receive that would have allowed him to guide trial counsel's strategy, nor did he identify what "witnesses on the scene" he could have called had the audios been made available to him. As noted, Anderson did not identify any specific discovery he did not receive or explain how the failure to provide discovery prejudiced him. The district court's finding that Anderson failed to do so is consistent with that omission. Even if the district court was expected to ferret out from Anderson's testimony what discovery he thought was significant despite his failure to identify it, neither the testimony Anderson cites on appeal nor his argument on appeal explain what audio recordings he is referring to, what witnesses he would have called, or what evidence he would have presented based on those recordings. Accordingly, we hold the district court did not err in concluding that Anderson failed to show prejudice based on trial counsel's alleged failure to provide Anderson with discovery.

### 3. Failure to obtain additional testing of the methamphetamine evidence

Anderson asserts the district court erred in denying relief on his claim that trial counsel was ineffective because he failed to have the plastic container which contained the methamphetamine tested for fingerprints and failed to have the substance in the plastic container independently tested to make sure it was methamphetamine. The district court denied relief on this claim, finding (1) that trial counsel consulted with his supervisor regarding additional testing of the methamphetamine and it was decided such testing would not be done and (2) that trial counsel felt that fingerprint testing would not assist Anderson's defense and, after discussing fingerprint testing with Anderson, "Anderson himself decided not to have the container

10

fingerprinted." The district court concluded that trial counsel's decisions regarding additional testing were objectively reasonable. The district court also found that Anderson failed to show prejudice because there was no evidence demonstrating how additional testing would have changed the outcome.

Anderson argues the district court's finding that trial counsel's decision was objectively reasonable based, in part, on trial counsel's belief that testing would not aid Anderson's defense was error because it "presumes" Anderson's guilt. The nature of Anderson's complaint is unclear. The question presented to the district court was whether trial counsel made an objectively reasonable decision to not pursue additional testing based on the circumstances of the case and the nature of Anderson's defense. This determination does not reflect a presumption of guilt; it reflects a correct application of the law to the facts.

Anderson also appears to argue that the district court erred in its prejudice analysis because Anderson testified the plastic container could have been tested for fingerprints and also testified he never saw the container before the preliminary hearing. From this, Anderson argues that it "necessarily follows that [his] fingerprints would not be on a container he had never seen." We again note that this argument is different than the one made to the district court in Anderson's post-hearing briefing. In briefing, Anderson argued that *if* the container did not have his fingerprints, "but rather another person's fingerprints, this creates doubt." Anderson further argued that the failure to fingerprint the container was prejudicial because, had fingerprint testing occurred, the "jury would have heard that the container did not have [Anderson's] fingerprints." Although Anderson's argument appears to have evolved on appeal, he has nevertheless failed to show any error in the district court's conclusion that he failed to show prejudice. The district court was not required to credit Anderson's uncorroborated lay witness testimony that the container would not have his fingerprints on it. Moreover, Anderson failed to present any evidence that fingerprint testing would have actually aided his defense. Thus, the district court did not err in denying Anderson's claims that trial counsel was ineffective for failing to request additional testing of the methamphetamine evidence.

### 4. Failure to review the presentence investigation report

Anderson argues that the district court erred in denying relief on his claim that sentencing counsel was ineffective for failing to review the presentence report with him and for failing to

inform the district court of any corrections to the presentence report. In its factual findings, the district court found that Anderson reviewed the presentence report a few weeks prior to sentencing and, although counsel did not review the presentence report with Anderson, the record was silent as to whether the attorney who substituted in to represent Anderson at sentencing did so. The district court also found that no evidence was presented regarding the alleged errors in the report, and the transcript of the sentencing hearing was not available in order to ascertain whether Anderson was asked prior to sentencing whether there were any corrections to the report. Finally, the district court found no evidence of prejudice. Accordingly, the district court dismissed this claim.

The two assertions Anderson advances on appeal in relation to sentencing counsel's performance at sentencing are unsupported by any argument or authority; rather, they are two conclusory statements about what sentencing counsel allegedly failed to do. Anderson does not explain why sentencing counsel's performance was deficient, how he was prejudiced, or how the district court erred in denying his ineffective assistance of counsel at sentencing claims. We, therefore, affirm the district court's dismissal of these claims. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

## C. Denial of Right to Self-Representation

Anderson argues that the district court erred in denying his claim that he was denied the right to represent himself at sentencing. A criminal defendant has the constitutional right to waive the assistance of counsel and to self-represent. *See Faretta v. California*, 422 U.S. 806, 834 (1975); *State v. Averett*, 142 Idaho 879, 885, 136 P.3d 350, 356 (Ct. App. 2006). A defendant's demand to proceed pro se must be clear, unequivocal, and timely. *State v. Lippert*, 145 Idaho 586, 597, 181 P.3d 512, 523 (Ct. App. 2007). When an alleged violation of a constitutional right is asserted, we accept the trial court's findings of fact if supported by substantial evidence; however, we freely review the court's application of constitutional requirements to the facts as found. *State v. Anderson*, 144 Idaho 743, 746, 170 P.3d 886, 889 (2007). The district court made the following factual findings in relation to this claim:

> 40. Anderson allegedly made a motion in CR-2013-154 to represent himself. However, there is no support in the record for such claim.
> 41. Anderson's Exhibit 11 is a letter from Anderson's counsel to Anderson dated 10/22/2013. Counsel indicated that Anderson should be able to

12

bring up his motion to represent himself at the pre-trial conference on 10/28/2013. This reference to self-representation at the pre-trial conference was regarding case CR-2013-7911, an entirely different case than the case at issue here. The pre-trial conference in CR-2013-154 was held six months before Anderson's counsel wrote the letter, on 04/15/2013.

42.     Anderson's Exhibit 12 is a transcript from the sentencing hearing in case CR-2013-7911. In that hearing, Judge Stoker briefly referenced a dialogue he had with Anderson regarding *Faretta* rights and post-conviction matters in the "other case." . . . . Even so, there is nothing in the record to support the scope or extent of any such discussion. Anderson has not shown: (1) a formal motion to represent himself - either written or oral - was ever made in CR-2013-154; or (2) that the "dialogue" that allegedly occurred was anything more than a general discussion.

43.     For all this court knows, Anderson could have foregone any *Faretta* right in that discussion and decided to utilize counsel. Simply, it is not clear from the record that a motion was even made or what "dialogue" occurred. . . .

44.     Anderson's Exhibit 13 is a letter from court services to Anderson dated 02/04/2014 referencing a letter that Anderson had sent to the court. From the court services' letter it appears that Anderson had inquired as to the reason that a hearing regarding his motion for self-representation did not occur. Again, this letter does not show that a formal motion was ever made by Anderson in CR-2013-154. To meet his burden regarding this claim, Anderson needs to show the actual written motion, if any; or, if the motion was made orally, reference from the actual hearing with a certified transcript. No such evidence exists in this case.

45.     Furthermore, even if the court were to accept Anderson's testimony regarding his supposed request to represent himself, Anderson concedes that he made such alleged motion after trial but before sentencing.[]

The district court then dismissed Anderson's self-representation claim for three reasons: (1) Anderson failed to establish he ever made a request to represent himself; (2) the claim is barred pursuant to I.C. § 19-4901(b) because it should have been raised on direct appeal;[4] and (3) there was no evidence that Anderson made a timely request to represent himself in the underlying criminal case (Case 154).

Anderson argues that, contrary to the district court's findings, Exhibit 10 reflects that "trial counsel put the district court on notice that Anderson wanted to represent himself." There are two reasons we need not address Anderson's claim that Exhibit 10 supports his

---

[4]     Anderson did raise such a claim in his direct appeal from Case 7911. *State v. Anderson*, Docket No. 42027 (Ct. App. Nov. 9, 2015) (unpublished).

self-representation claim. First, the claim is not preserved. In his post-hearing briefing, Anderson did not claim that Exhibit 10 reflected his request to represent himself. Rather, Anderson's post-hearing argument began with a concession that his request to represent himself in Case 154 was not timely, followed by a request that the district court change the standard for timeliness. Second, Anderson does not challenge two of the district court's bases for denying his claim--one based on the failure to make a timely request, which Anderson conceded, and the other based on I.C. § 19-4901(b). When the basis for a trial court's ruling is not challenged on appeal, an appellate court will affirm on the unchallenged basis. *State v. Goodwin*, 131 Idaho 364, 366-67, 956 P.2d 1311, 1313-14 (Ct. App. 1998).

Even if we consider the merits of Anderson's assertion that the district court "erred in failing to consider the record" because Exhibit 10 supports his self-representation claim, the district court did not err because Exhibit 10 is a transcript from Case 7911. As the district court indicated, Anderson's stated desire to represent himself in Case 7911 was insufficient to show a formal request was ever made in Case 154. Thus, the district court was correct in denying Anderson's self-representation claim.

### III.

### CONCLUSION

Anderson has failed to show that the district court abused its discretion in denying his motion for discovery of the metadata associated with the audio recordings and transcripts of various court proceedings. Anderson has also failed to show that the district court erred in denying relief on all of his post-conviction claims and denying his petition. Accordingly, the district court's judgment denying Anderson's petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.